UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: ETHYLENE PROPYLENE DIENE
MONOMER (EPDM) ANTITRUST
LITIGATION

Case No. 3:03 MD 1542 (PCD)

THIS DOCUMENT RELATES TO:
ALL ACTIONS

DECEMBER 8, 2003

## STIPULATION AND ORDER CONCERNING
## CONFIDENTIALITY OF DOCUMENTS AND MATERIALS

IT IS HEREBY STIPULATED AND AGREED by and between plaintiffs and the

undersigned defendants, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon

entry by the Court that the following Stipulation and Order Concerning Confidentiality of

Documents and Materials ("Order") shall govern the disclosure of confidential information and

limit the use of such information as hereinafter provided:

1.          Scope.

(a)          All documents and information furnished by a party in conjunction

with this litigation which contain or are derived from trade secrets or other confidential research,

development, or commercial information of current commercial value ("Confidential

Information") may be designated CONFIDENTIAL by said party and furnished to the other

parties pursuant to the terms of this Order.  The party receiving designated Confidential

Information shall treat it as proprietary information and shall not use or disclose the information

except for the purposes set forth in this Order or by such orders as may be issued by the Court

during the course of this litigation. The provisions of this Order extend to all designated Confidential Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, and any other discovery materials produced by a party in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts or summaries of the foregoing materials.  A party may designate as "Confidential" information contained in documents that are in the possession of a third party if the documents contain the party's "Confidential" information.

      (b)    All documents and information described in Paragraph 1(a) as Confidential Information and which a party believes to be of a highly commercially sensitive nature, such as certain documents or information reflecting, containing or derived from current confidential trade secret, research, development, pricing, production, cost, marketing or customer information ("Highly Confidential Information") may be designated HIGHLY CONFIDENTIAL by said party and furnished to the other parties pursuant to the terms of this Order.  A party may designate as "Confidential" or "Highly Confidential" information contained in documents that are in the possession of a third party if the documents contain the party's "Confidential" or "Highly Confidential" information.

      (c)    All documents and other materials produced in this litigation shall be used for purposes of this litigation only whether or not a producing party designates such documents or materials as Confidential.

      2.    <u>Designation of Confidentiality</u>.

Documents or information may be designated CONFIDENTIAL or HIGHLY

CONFIDENTIAL within the meaning of this Order in the following ways:

       (a)       In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on each page of any such document: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "CONFIDENTIAL PURSUANT TO COURT ORDER", or "HIGHLY CONFIDENTIAL PURSUANT TO COURT ORDER."

       (b)       In the case of interrogatory answers, responses to requests for admissions and the information contained therein, designation shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL.  The following legend shall be placed on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION."

       (c)       In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information or Highly Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from such counsel within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available).  The entire deposition transcript (including exhibits) shall be treated as Highly Confidential under this Order until the expiration of the above- referenced thirty-day period for

designation by letter, except that the deponent may review the transcript of his or her own deposition during this thirty-day period. The following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION." If all or part of a videotaped deposition is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the videocassette or other videotape container shall be labeled with the legend provided for in paragraph 2(a) above.

       (d)       To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the producing party may designate such matter as CONFIDENTIAL or HIGHLY CONFIDENTIAL by cover letter referring generally to such matter. Whenever any party to whom Computerized Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend provided for in paragraph 2(a) above.

       (e)       To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL, that party and/or its counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to

4

Confidential Information and/or Highly Confidential Information.

        (f)        All documents and materials filed with the Court containing or reflecting the contents of Confidential Information or Highly Confidential Information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of the Litigation, a generic designation of the contents, the words CONFIDENTIAL INFORMATION (or HIGHLY CONFIDENTIAL INFORMATION)- - SUBJECT TO COURT ORDER and words in substantially the following form:

> This envelope contains documents which are filed under seal in this case by [name of party) and, by Order of this Court, dated _____, 2003, shall not-be opened nor the contents displayed or revealed except as provided in that Order or by further order of the Court.

Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "FILED UNDER SEAL" on the cover page of the document.  Only those portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential or Highly Confidential and may be disclosed only in accordance with this Order.  Where possible, only those portions of such filings which are Confidential Information or Highly Confidential shall be filed under seal.  No party or other person may have access to any sealed document from the files of the Court without an order of the Court.  The "Judge's Copy" of a sealed document may be opened by the presiding District Judge, his/her law clerks, and other Court personnel without further order of the Court.  Each document filed under seal may be returned to the party which filed if:  (1) no appeal is taken, within ninety days after a final judgment is rendered; or (2) an appeal is taken, within thirty days after the mandate of the last reviewing court which disposes of this litigation in its entirety is filed ("the final resolution

of this litigation"). If the party which filed a sealed document fails to remove the document

within the appropriate time frame, the document may be destroyed by the Clerk. Regardless of

any provision in this Order to the contrary, a party does not have to file a document under seal if

the Confidential Information or Highly Confidential Information contained or reflected in the

document was so designated solely by that party.

        (g)        In the case of all documents already provided to the Government

by Defendants (the "Grand Jury Documents"), in order to facilitate the Defendants' compliance

with the November 21, 2003 deadline for the production of the Grand Jury Documents set forth

in the agreed Scheduling Order submitted to the Court on October 31, 2003, the Grand Jury

Documents are hereby designated "Highly Confidential." Defendants may mark the Grand Jury

Documents with this designation. The failure of any Defendant to mark the Grand Jury

Documents with this designation does not affect their designation as "Highly Confidential"

pursuant to this Order, but the inadvertent and unintended disclosure of a Grand Jury document

which has not been marked "Highly Confidential" by the Defendants shall not be deemed a

violation of this order. Any party may challenge the designation of any Grand Jury Document

pursuant to the procedures set forth in paragraph 7.

        (h)        The following categories of Grand Jury Documents will not be

considered "Highly Confidential," notwithstanding the provisions of 2(g): expense reports and

phone records. These materials are to be considered Confidential even if they are not marked as

such. The following categories of Grand Jury Documents will not be considered Confidential or

Highly Confidential, notwithstanding the provisions of 2(g): SEC documents, press releases and

unaltered publicly available documents (including but not limited to newspapers articles, trade

6

publication and materials from external websites).

    3.  Use of Confidential Information or Highly Confidential Information.

    Confidential Information or Highly Confidential Information shall be used by any person, other than the producing party, solely for the purpose of conducting this litigation, In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation, 3:03 MD1542 (PCD), pending in the United States District Court for the District of Connecticut, and shall in no event be used for any business, competitive, personal, private, public or other purpose.

    4.  Disclosure of Confidential Information.

    (a)  The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control access to, and distribution of information designated CONFIDENTIAL pursuant to this Order.

    (b) Access to information designated CONFIDENTIAL pursuant to this Order shall be limited to:

    (i.)  counsel for the parties (including members or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation;

    (ii.)  outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this litigation;

    (iii.)  any outside expert, consultant or investigator who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel

7

for the purposes of consulting, and/or testifying in this litigation, provided that paragraph 6 of this Confidentiality Order has been complied with;

(iv.)  a director, officer or employee of a party charged with the responsibility for making business decisions dealing directly with the resolution of this action, provided that (i) paragraph 6 of this Confidentiality Order has been complied with, and (ii) the business duties of the person to whom the information is shown under this subparagraph do not include (whether directly or indirectly) the manufacture, sale, or marketing of EPDM.

(v.)  in the event litigation counsel determines in good faith that such disclosure is necessary to assist in preparation or conduct of this litigation, any natural person ("person") who has been noticed for deposition and whose deposition is taken, or any person who has been interviewed by an attorney of record, or any person whose testimony is taken or is to be taken in this litigation who in good faith is required to be shown or questioned about such material in order to assist such attorney in the preparation or the conduct of this litigation;

(vi.)  any person who (a) authored or received the particular material sought to be disclosed to that person (provided that the document has not been altered since that person authored or received the material), (b) is referenced, discussed, or mentioned, in the material,  (c) is currently employed by the producing party or, (d) was formerly employed by the producing party, but only as to specific material to which such person had

8

access during his/her employment;

(vii.)   any person who is testifying in this matter, as to whom the examining counsel has a good faith belief that the witness possesses relevant information with respect to the specific confidential material sought to be disclosed to that person;

(viii.)   this Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation; and

(ix.)   any other person to whom the party producing the Confidential Information agrees in writing or on the record in advance of the disclosure.

Confidential information can be disclosed under subparagraph 4(b)(v) only where the party's counsel in good faith determines that the disclosure is appropriate to the effective prosecution or defense of the litigation.

   5. Disclosure of Highly Confidential Information.

   (a) The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control access to, and distribution of information designated HIGHLY CONFIDENTIAL pursuant to this Order.

   (b) Access to information designated HIGHLY CONFIDENTIAL pursuant to this Order shall be limited to:

(i.)     counsel for the parties (including members or associates of such counsel's firm), as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation;

(ii.)    outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this litigation;

(iii.)   any outside expert, consultant or investigator who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of consulting, and/or testifying in this litigation, provided that paragraph 6 of this Confidentiality Order has been complied with;

(iv.)    any person who (A) authored or received the particular material sought to be disclosed to that person (provided that the document has not been altered since that person authored or received the material), (B) is referenced, discussed, or mentioned in the material, (C) is currently employed by the producing party or, (D), was formerly employed by the producing party, but only as to specific material to which such person had access during his/her employment;

(v.)     any person who is testifying in this matter, as to whom the examining counsel has a good faith belief that the witness has knowledge of the Highly Confidential material sought to be disclosed to that person;

(vi.)    this Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing

10

testimony or argument at any deposition, hearing, trial or appeal in this

litigation; and

(vii.)   any other person to whom the party producing the Highly Confidential

Information agrees in writing or on the record in advance of the disclosure.

(c)      Before disclosing "Highly Confidential" materials to any person under

paragraph 5(b)(v) who is a competitor, customer, or direct seller or an employee of a competitor,

customer or direct seller of the party that so designated the document (including but not limited

to co-defendants and employees of co-defendants in this litigation), the party wishing to make

such disclosure shall give at least seven (7) days' advance notice in writing to the counsel who

designated such information as "Highly Confidential," stating the names and addresses of the

person(s) to whom the disclosure will be made, identifying with particularity the documents and

information to be disclosed, and stating the purposes of such disclosure.  If, within the 7 day

period, written notice of objection to the proposed disclosure is provided to the party wishing to

make such disclosure, disclosure is not permissible without leave of the Court.

6.      Notification Of Confidentiality Order.

Confidential Information and Highly Confidential Information shall not be

disclosed to persons described in paragraphs 4(b)(iii)(iv)(v) or 5(b)(iii) unless and until such

person has  executed an Agreement of Confidentiality in substantially the form attached hereto as

Exhibit A.  However, Confidential Information may be disclosed to non-parties (this does not

include current employees of any party to this litigation) pursuant to paragraph 4(b)(v) provided

that such persons are provided either a copy of this Order or the summary of this Order attached

to this Order as Exhibit B, they represent that they have read and understand the provisions of

11

this Order or its summary and they are advised by the disclosing counsel that such persons are bound by the provisions of this Order. The originals of such Agreements shall be maintained by counsel for the party who obtained them until the final resolution of this litigation. Upon a showing of good cause to the Court, copies of all executed Agreements shall be provided to the counsel for opposing parties within 30 days. This prohibition includes either direct or indirect disclosure, including but not limited to any disclosure by counsel or experts.

       7.     Use of Confidential or Highly Confidential Material at Trial.

       The rules governing the use of Confidential and Highly Confidential Material at trial shall be determined at a future date.

       8.     Objections to Designations.

       A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event a party objects to the designation under this Order by another party of any material, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, the objecting party may apply to the Court for a ruling that the material shall not be so treated, giving notice to the party which has designated the material. If such a motion is made, the designating party would have the burden to establish that the designation is proper. If no such motion is made, the material will remain as designated. Any documents or other materials that have been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be treated as Confidential or Highly Confidential until such time as the Court or any magistrate to whom this matter is assigned rules that such material should not be treated as Confidential or

Highly Confidential.

       9.      Preservation of Rights and Privileges.

      Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information or Highly Confidential Information, or of any right which any party may have to assert such privilege at any stage of this litigation.

       10.     Return or Destruction of Materials.

      Within forty-five (45) business days after the final resolution of this litigation, all Confidential Information or Highly Confidential Information shall be returned to counsel for the party that produced it or destroyed. As to those materials that contain or reflect Confidential Information or Highly Confidential Information, but that constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to Confidentiality Order. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information or Highly Confidential Information, so long as such Confidential Information or Highly Confidential Information, in accordance with the provisions of this Order, are clearly marked to reflect that they contain information subject to this Confidentiality Order.

11.     <u>Inadvertent or Unintentional Disclosure</u>.

(a)     The inadvertent or unintentional disclosure by the producing party of, or information subject to a claim of privilege, including, but not limited to, the attorney-client privilege, or work product doctrine (an "Inadvertently Produced Privileged Document"), regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of privilege.

(b)     A producing party that inadvertently fails to designate discovery material "Confidential" or "Highly Confidential" pursuant to this Order at the time of production shall be entitled to make a correction.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated. Those individuals who received the discovery material prior to notice of misdesignation by the producing party shall within five (5) days of receipt of the substitute copies, destroy or return to the law firm representing the producing party all copies of such misdesignated documents. Those individuals who reviewed the misdesignated discovery material prior to notice of the misdesignation by the producing party shall abide by the provisions of this Order with respect to the use and disclosure of any information contained in the misdesignated materials.

(c)     The receiving party of an Inadvertently Produced Privileged Document will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of receiving a written request from the producing party for the return of such item or items of information.  Nothing in this Order shall be construed to require the production of any information, document, or thing that a party contends is protected from disclosure by the attorney-client privilege and/or the work product doctrine.  Nothing contained within this

14

paragraph prevents a party from challenging such a designation of documents or information as Confidential or Highly Confidential pursuant to the procedures contained in paragraph 7.  If the receiving party challenges a claim that a document is an Inadvertently Produced Privileged Document, the receiving party may in connection with any good faith challenge, take notes concerning the document and make reference to the contents of the document in any paper submitted to the Court, so long as such filing is made under seal.  If requested by the receiving party, the producing party shall provide such documents to the Court for in-camera review.  If the Court sustains the privilege claim of the producing party with respect to an Inadvertently Produced Privileged Document, the receiving party shall, within five (5) days of the Court's Order destroy any notes relating to the Document and advise the producing party in writing of the destruction.

12.     A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

13.     Any party or person in possession of Confidential Information or Highly Confidential Information or an Inadvertently Produced Privileged Document with respect to which the producing party has asserted a claim of privilege in accordance with paragraph 10 who receives a subpoena (or other process) from any person (including natural persons, corporation, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information or Highly Confidential Information or an Inadvertently Produced Document, shall promptly give written notice by facsimile to counsel for the party who produced

15

or designated the materials as confidential or privileged identifying the materials sought and

enclosing a copy of the subpoena or other process.  The party or person receiving the subpoena

shall also inform the person seeking the Confidential Information or Highly Confidential

Information or an Inadvertently Produced Privileged Document that such Information is either

confidential or privileged, subject to Confidentiality Order and may not be disclosed without the

consent of the party that produced the Confidential Information or Highly Confidential

Information or designated the document as privileged, or court order.  The person subject to the

subpoena or other process shall not produce or disclose the requested information until ordered to

do so by a court of competent jurisdiction.

        14.     This Order shall apply to non-parties who are obliged to provide

discovery, by deposition, production of documents or otherwise, in this litigation, if said non-

party requests the protection of this Order as to said non-party's Confidential Information or

Highly Confidential Information and complies with the provisions of this Order.

        15.     Upon the final resolution of this litigation, the provisions of this Order

shall continue to be binding.  This Court expressly retains jurisdiction over this action for

enforcement of the provisions of this Order following the final resolution of this litigation.

        16.     This Order is binding on all parties to this action and on all non-parties

who have been served with a copy of this Order, and shall remain in force and effect until

modified, superseded, or terminated by consent of the parties or by Order of the Court.

Respectfully Submitted,

David R. Schaefer (ct 04334)
BRENNER, SALTZMAN & WALLMAN, LLP
271 Whitney Avenue
New Haven, CT 06507-1746
Telephone: (203) 772-2600
Facsimile: (203) 562-2098
Email: dschaefer@bswlaw.com

**PLAINTIFFS' LIAISON COUNSEL**

Anthony J. Bolognese
Joshua H. Grabar
Michael Gehring
BOLOGNESE & ASSOCIATES, LLC
One Penn Center
1617 J.F.K. Boulevard, Suite 650
Philadelphia, PA 19103
Telephone: (215) 814-6750
Facsimile: (215) 814-6764
Email: abolognese@bolognese-law.com

Michael D. Hausfeld
Mary Strimel
Stewart Weltman
COHEN MILSTEIN HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
Telephone: 202-408-4600
Facsimile: 202-408-4699
Email: mhausfeld@cmht.com

_Steven O. Sidener (oes)_

Steven O. Sidener
Joseph M. Barton
GOLD BENNETT CERA & SIDENER LLP
595 Market Street, Suite 2300
San Francisco, CA 94105-2835
Telephone: 415-777-2230
Facsimile: 415-777-5189
Email: ssidener@gbcslaw.com

_Howard J. Sedran (ons)_

Howard J. Sedran
Marcia Y. Williams
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
Facsimile: (215) 592-4663
Email: **hsedran@lfsblaw.com**

**PLAINTIFFS' CO-LEAD COUNSEL**

_George D. Ruttinger (ans)_

George D. Ruttinger
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC   20004
Telephone: (202) 624-2500
Facsimile:  (202) 628-5116
Email: Gruttinger@crowell.com

James T. Shearin (ct 01326)
PULLMAN & COMLEY, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT   06601-7006
Telephone: (203) 330-2000
Email: jtshearin@pullcom.com

**Attorneys for Defendant DuPont Dow
Elastomers L.L.C.**

Richard G. Parker
Ian Simmons
Benjamin G. Bradshaw
Charles E. Borden
O' MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC   20006-4001
Telephone: (202) 383-5163
Facsimile:  (202) 383-5414
Email: **isimmons@omm.com**



Craig A. Raabe (ct 04116)
ROBINSON & COLE
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200
Facsimile:  (860) 275-8299
Email: craabe@rc.com

**Attorneys for Defendant Crompton Corporation
and Uniroyal Chemical Company, Inc.**



William V. O'Reilly
J. Andrew Read
JONES DAY
51 Louisiana Ave., N.W.
Washington, DC   20001-2113
Email: woreilly@jonesday.com



Robert M. Langer (ct 06305)
Steven B. Malech  (ct 16314)
Wiggin & Dana LLP
One CityPlace, 34th Flr.
Hartford, CT 06103
(860) 297-3724 (tel.)
(860) 525-9380 (fax)
rlanger@wiggin.com

**Attorneys for Defendant Bayer Corporation**

Hamilton Loeb (PES)

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1299 Pennsylvania Avenue, NW
Tenth Floor
Washington, DC  20004-2400
Telephone: (202) 508-9535
Facsimile:  (202) 508-9700
Email: hamiltonloeb@paulhastings.com

**Attorneys for Defendant The Dow Chemical Company**

Harlan Levy (PES)

Harlan Levy
BOIES, SCHILLER & FLEXNER LLP
570 Lexington Avd., 16th Floor
New York, NY 10022
Telephone: (212) 446-2300
Facsimile:  (212) 446-2350
Email: hlevy@bsfllp.com

Robert J. Dwyer
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone:  (914) 749-8200
Facsimile:  (914) 749-8300

John F. Cove, Jr.
BOIES SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

Elizabeth J. Stewart (ct 01316)
MURTHA CULLINA LLP
Two Whitney Avenue
P.O. Box 704
New Haven, CT 06503-0704
Telephone:   (203) 772-7700
Facsimile:   (203)772-7723
Email: estewart@murthalaw.com

**Attorneys for Defendant E.I. duPont de
Nemours and Company**

James W. Quinn
Steven Alan Reiss
Christopher V. Roberts
WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY 10151
Telephone: (212) 310-8000
Facsimile:   (212) 310-8007

**Attorneys for Exxon Mobil Corporation**

So Ordered this _____ day of December, 2003.

_____
U.S.D.J., Peter C. Dorsey

# EXHIBIT A

EXHIBIT A
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: ETHYLENE PROPYLENE DIENE
MONOMER (EPDM) ANTITRUST          Case No. 3:03 MD 1542 (PCD)
LITIGATION

THIS DOCUMENT RELATES TO:
ALL ACTIONS

## CERTIFICATION

    1.    My name is _____ . I live at

_____.  I am employed as (state

position)_____by (state name and address of employer)

_____

    2.    I have read the Confidentiality Order that has been entered in this case, and a copy

of it has been given to me. I understand the provisions of this Order, and agree to comply with

and to be bound by its provisions.

    3.    I declare under penalty of perjury that the foregoing is true and correct.

    Executed this_____day of _____, 2003.


_____

# EXHIBIT B

EXHIBIT B
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: ETHYLENE PROPYLENE DIENE
MONOMER (EPDM) ANTITRUST
LITIGATION

Case No. 3:03 MD 1542 (PCD)

THIS DOCUMENT RELATES TO:
ALL ACTIONS

## NOTICE TO DEPOSITION WITNESSES

You are being shown one or more documents which have been designated as "Confidential" or "Highly Confidential" pursuant to an Order of this Court. Except for providing testimony at this deposition, you may not disclose these documents or their contents to any person other than the attorney who represents you at this deposition.  Further, neither these documents nor their contents may be used by you for any purpose except that you may use them for your testimony in connection with this litigation.  In any event, you are prohibited from using them for any business, competitive, personal, private, public, or other nonlitigation purpose. The improper disclosure or use of these documents or their contents may result in the imposition of sanctions upon you by the Court.

If you wish a complete copy of the Court Order, a copy will be provided to you upon request.

The Honorable Peter C. Dorsey
United States District Court Judge

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served via United States first-class mail, postage prepaid, this 8th day of December, 2003 on all pro se parties and counsel of record as follows:

Anthony J. Bolognese
Joshua H. Grabar
BOLOGNESE & ASSOCIATES, LLC
One Penn Center
1617 JFK Boulevard, Suite 650
Philadelphia, PA 19103

**Principal Counsel for Plaintiff Alco Industries, Inc.**


Michael Hausfeld
Stewart Weltman
COHEN MILSTEIN HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005

Linda P. Nussbaum
COHEN MILSTEIN HAUSFELD & TOLL, PLLC
825 Third Avenue, 30th Floor
New York, NY 10022

**Principal Counsel for Plaintiff Duraplas Corp.**


Steven A. Kanner
William H. London
Douglas A. Millen
Louis A. Kessler
MUCH SHELIST FREED DENENBERG
    AMENT & RUBENSTEIN, P.C.
191 South Wacker Drive, Suite 1800
Chicago, IL 60606-1615

**Principal Counsel for Plaintiff Polymerics, Inc.**

Steven O. Sidener
Joseph M. Barton
GOLD BENNETT CERA & SIDENER, LLP
595 Market Street, Suite 2300
San Francisco, CA 94105

**Principal Counsel for Plaintiffs Rubber Engineering and Development Co., Freudenberg General Partnership, Schlegel Corp.**, and **Counsel for Reeves Brothers, Inc.**


Joseph J. Tabacco, Jr.
Susan G. Kupfer
BERMAN DEVALERIO PEASE TABACCO
    BURT & PUCILLO
425 California Street, Suite 2025
San Francisco, CA 94104

**Principal Counsel for Plaintiff Industrial Rubber Products Inc.**


Howard J. Sedran
Austin B. Cohen
Marcia Y. Williams
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106

**Principal Counsel for Plaintiff Synaflex Rubber Products Company**


Robert N. Kaplan
KAPLAN, FOX & KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY 10022

**Principal Counsel for Plaintiff Diamond Holding Corp.**

David H. Weinstein
WEINSTEIN KITCHENOFF SCARLATO
   KARON & GOLDMAN LTD
1845 Walnut St., Suite 1100
Philadelphia, PA 19103

**Principal Counsel for Plaintiff Richard Immerman**


Robert Dwyer
BOIES SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, NY 10504

Elizabeth J. Stewart
MURTHA CULLINA LLP
Whitney Grove Square
Two Whitney Avenue
P.O. Box 704
New Haven, CT  06503-0704

**Counsel for Defendant E.I. DuPont DeNemours and Company**


James T. Shearin
PULLMAN & COMLEY, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT  06601-7006

George D. Ruttinger
Christopher H. Wood
William Randolph Smith
Kent A. Gardiner
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

**Counsel for Defendant DuPont Dow Elastomers LLC**

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
1299 Pennsylvania Avenue, N.W.
Tenth Floor
Washington, DC 20004-2400

John S. McGeeney
James R. Bliss
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
1055 Washington Boulevard
Stamford, CT  06901-2216

**Counsel for Defendant Dow Chemical Company**


Richard G. Parker
Ian Simmons
Benjamin G. Bradshaw
Charles E. Borden
O'MELVENY & MEYERS, LLP
1625 Eye Street, NW
Washington, DC 20006-4001

Craig A. Raabe
Bradford S. Babbitt
ROBINSON & COLE
280 Trumbull Street
Hartford, CT 06103-3597

**Counsel for Defendant Crompton Corporation & Uniroyal Chemical Company, Inc.**


Robert M. Langer
Steven B. Malech
WIGGIN & DANA LLP
One CityPlace – 34th Floor
185 Asylum Street
Hartford, CT  06103-3402
(860) 297-3724 (tel.)
(860) 525-9380 (fax)
rlanger@wiggin.com

William V. O'Reilly
J. Andre Read
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113

**Counsel for Defendant Bayer Corporation**


James W. Quinn
Steven Alan Reiss
Christoper V. Roberts
WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY  10151

**Counsel for Defendant Exxon Mobil Corporation**


H. Laddie Montague, Jr.
Ruthanne Gordan
BERGER & MONTAGUE, PC
1622 Locust Street
Philadelphia, PA 19103


Richard L. Gross
CANTOR, FLOMAN, GROSS, KELLY, AMENDOLA & SACRAMONE
378 Boston Post Road
P.O. Drawer 966
Orange, CT  06477


Jeffrey S. Nobel
SCHATZ & NOBEL
330 Main Street
Hartford, CT  06106-1817


Jason S. Hartley
ROSS DIXON & BELL, LLP
550 West B Street, Suite 400
San Diego, CA  92101

Daniel Karon
WEINSTEIN, KITCHENOFF, SCARLETTO, GOLDMAN
55 Public Square, Suite 1500
Cleveland, OH  44113


Lisa J. Rodriquez
TRUJILLO, RODRIQUEZ & RICHARDS, LLC
8 Kings Highway West
Haddonfield, NJ  08033


Peter B. Ackerman
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA  92614-8505


Mario N. Alioto
TRUKMP ALIOTO TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA  94123


Mary Jane Edelstein Fait
WOLF HALDENSTEIN ADLER FREEMAN HERZ
656 West Randolf Street, Suite 500W
Chicago, IL  60661


William R. Edwards
THE EDWARDS LAW FIRM, LLP
1400 Frost Bank Plaza
802 North Carancahua
Corpus Christi, TX  78470-0700

Ben Furth
Frederick P. Furth
Julio Ramos
Michael P. Lehmann
THE FURTH FIRM
201 Sansome Street, Suite 1000
San Francisco, CA  94104


Christopher B. Hockett
Joy K. Fuyuno
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA  9411-4067


Lawrence D. King
KAPLAN FOX & KILSHEIMER LLP
601 Montgomer Street, Suite 300
San Francisco, CA  94111


Kevin C. McCann
PAUL HASTINGS JANOFSKY & WALKER, LLP
55 Second Street, 24th Floor
San Francisco, CA  94105-3441


Joel C. Meredith
Meredith Cohen
Steven J. Greenfogle
GREENFOGEL & SKIRNICK PC
Architects Bldg., 22nd Floor
117 South 17th Street
Philadelphia, PA  19103


Joseph M. Patane
LAW OFFICE OF JOSEPH M. PATANE
2280 Union Street
San Francisco, CA  94123

Guido Saveri
SAVERI & SAVERI INC.
111 Pine Street, Suite 1700
San Francisco, CA  94111


Michael F. Tubach
O'MELVENY & MYERS LLP
275 Battery Street
San Francisco, CA  94111-3344

David R. Schaefer (ct04334)