UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT          NEW HAVEN
12/13/05
Kevin F. Rowe, Clerk
By P. A. Vulcano
Deputy Clerk

| | |
|---|---|
| IN RE ETHYLENE PROPYLENE DIENE MONOMER (EPDM) ANTITRUST LITIGATION | No. 3:03-MD1542(PCD) |
| THIS DOCUMENT RELATES TO: | ALL ACTIONS Except No. 3:05-CV-1278(PCD) |

### [PROPOSED] ORDER AND RULE 54(b) FINAL JUDGMENT (SYNDIAL S.p.A.)

The Class Plaintiffs and defendant Syndial S.p.A. ("Syndial") entered into the Settlement Agreement to fully and finally resolve the Syndial Settlement Class' claims against Syndial and other Releasees. On September 30, 2005, the Court entered its Order Granting Preliminary Approval of Proposed Settlement with Syndial ("Preliminary Approval Order"). On October 25, 2005, the Court entered its Order Extending Dates To Implement The Settlement With Syndial S.p.A ("Order Extending Dates"). Among other things, the Preliminary Approval Order and the Order Extending Dates authorized the Class Plaintiffs to disseminate notice of the proposed settlement, fairness hearing, and related matters to the Syndial Settlement Class. Notice was provided to the Syndial Settlement Class and the Court held a fairness hearing on December 13, 2005.

Having considered the Class Plaintiffs' Motion for Final Approval of Proposed

Settlement with Defendant Syndial S.p.A. and Approval of the Plan of Allocation, oral argument presented at the fairness hearing, and the complete records and files in this matter,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Court has jurisdiction over the subject matter of this litigation.

2. Terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

3. The Preliminary Approval Order and Order Extending Dates outlined the form and manner by which the Class Plaintiffs would provide the Syndial Settlement Class with notice of the settlement, the fairness hearing, and related matters. The notice program included individual notice to members of the Syndial Settlement Class who could be identified through reasonable effort, as well as the publication of a summary notice in *The Wall Street Journal*, *The International Herald Tribune*, the *Financial Times*, *European Rubber Journal*, *Rubber World*, *Rubber & Plastics News*, and *Chemical Market Reporter*. Proof that the mailing and publication conformed with the Preliminary Approval Order has been filed with the Court. This notice program fully complied with Rule 23[1] and provided due and adequate notice to the Syndial Settlement Class.

4. The settlement was attained following an extensive investigation of the facts, including the analysis and organization of more than 1.4 million pages of documents produced by the Defendants. It resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

5. Final approval of the settlement with Syndial is granted pursuant to Rule 23(e),

because the settlement is "fair, reasonable and adequate" to the Syndial Settlement Class. In reaching this conclusion, the Court considered: (a) the complexity, expense, and likely duration of the litigation; (b) the Syndial Settlement Class' reaction to the settlement; (c) the stage of the proceedings and the amount of discovery completed; (d) the risks of establishing liability; (e) the risks of establishing damages; (f) the risks of maintaining the class action through the trial; and (g) the reasonableness of the settlement considering the risks of continued litigation.

6. The Plan of Allocation set forth in the Class Notice is "fair, reasonable and adequate" to the Syndial Settlement Class and, therefore, is granted final approval.

7. The following Syndial Settlement Class is certified pursuant to Rule 23:

> All persons and entities who purchased EPDM in the United States, or from a facility located in the United States, directly from a Defendant or any of their predecessors, subsidiaries or affiliates from January 1, 1997 through December 31, 2001. Excluded from the class are all governmental entities, the Defendants, and their respective parents, subsidiaries and affiliates.

This Syndial Settlement Class satisfies the prerequisites to certification set forth in Rule 23(a) in that: (a) the Syndial Settlement Class is so numerous that joinder of all members is impracticable; (b) the members of the Syndial Settlement Class share common questions of law or fact; (c) the Class Plaintiffs' claims are typical of those of the Syndial Settlement Class; and (d) the Class Plaintiffs have, and will, fairly and adequately protect the interests of the Syndial Settlement Class. In addition, the requirements of Rule 23(b)(3) are satisfied in that: (a) common questions of law or fact predominate over questions affecting only individual members; and (b) litigating this case as a class action is superior to other methods available for the fair and

---

[1] References to "Rule __" are to the Federal Rules of Civil Procedure.

efficient adjudication of the controversy. Therefore, final certification of the Syndial Settlement Class is granted.

8.  The Class Plaintiffs previously appointed by the Court (Alco Industries, Inc., Diamond Holding Corporation, Duraplas Corporation, Functional Products, Inc., Polymerics Inc., Precision Associates, Inc., Schlegel Corporation, and Synaflex Rubber Products Co. Inc.) are adequate representatives of the Syndial Settlement Class and are hereby appointed as the representatives of the class.

9.  Pursuant to Rule 23(g), Class Counsel previously appointed by the Court (Cohen, Milstein, Hausfeld & Toll, P.L.L.C.; Gold Bennett Cera & Sidener LLP; Bolognese & Associates, LLC; and Levin, Fishbein, Sedran & Berman) are appointed as counsel for the Syndial Settlement Class. Brenner, Saltzman & Wallman, LLP is appointed as liaison counsel for the Syndial Settlement Class. These firms have, and will, fairly and competently represent the interests of the Class.

10. The people/entities identified on Exhibit A have timely and validly requested exclusion from the Syndial Settlement Class and, therefore, are excluded. Such people/entities are not included in or bound by this Order and Final Judgment and may individually pursue claims (if any) against Syndial. Such people/entities are not entitled to any recovery from the settlement proceeds obtained through this settlement. However, this Final Order and Judgment in no way affects their right to participate in any recovery obtained from any other Defendant.

11. All Released Claims are hereby dismissed with prejudice and without costs. The Releasors are barred from instituting or prosecuting, in any capacity, an action or proceeding that asserts a Released Claim against any Releasee. This dismissal applies only in favor of Syndial

and the other Releasees. It is made without prejudice to any claims the Syndial Settlement Class has against any other Defendant.

12. The escrow account established by the parties, and into which Syndial has deposited the $3,170,000 settlement amount, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

13. Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, or administrative proceeding.

14. Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the litigation between the Class Plaintiffs and all remaining Defendants; (c) the implementation, administration, and enforcement of the Settlement Agreement; (d) any application for attorneys' fees and reimbursement of expenses made by Class Counsel; and (e) the distribution of the settlement proceeds.

Pursuant to Rule 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of judgment as to defendant Syndial S.p.A.

Dated: _December 13, 2005_

HON. PETER C. DORSEY
UNITED STATES DISTRICT JUDGE

9e9267.doc