UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ETHYLENE PROPYLENE DIENE MONOMER (EPDM) ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>**Crompton Settlement** | Case No. 3:03 MD 1542 (SRU)<br><br>ALL ACTIONS |

**ORDER GRANTING PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT WITH CROMPTON CORPORATION
AND UNIROYAL CHEMICAL COMPANY, INC.**

It is hereby ORDERED AND DECREED as follows:

1. The motion of Alco Industries, Inc., Diamond Holding Corporation, Duraplas Corporation, Functional Products, Inc., Industrial Rubber Products, Inc., Polymetrics Inc., Precision Associates, Inc., Richard Immerman, Schlegel Corporation, and Synaflex Rubber Products Co., Inc. ("Class Plaintiffs") for preliminary approval of the proposed settlement with Crompton Corporation (now known as Chemtura Corporation) and Uniroyal Chemical Company, Inc. (now known as Chemtura USA Corporation) (collectively, "Crompton") and Proposed Plan of Allocation of Settlement Proceeds is hereby GRANTED.

2. The Court grants preliminary approval of the Class, for settlement purposes, defined as follows:

> All persons and entities who purchased EPDM in the United States directly from any of the Defendants at any time during the Class Period, January 1, 1997 through December 31, 2001. Excluded from the Class are all governmental entities, Defendants, their respective parents, predecessors, subsidiaries and affiliates, and each of the Excluded Entities identified in

1

Paragraph 15 of the Settlement Agreement.

3. The Court finds that the proposed settlement with Crompton, as set forth in the Settlement Agreement, and the proposed Plan of Allocation of settlement proceeds, subject to final determination following a hearing after notice to the Class, is sufficiently fair, reasonable and adequate to authorize dissemination of notice to all persons and entities who purchased EPDM directly from any of the Defendants at any time during the Class Period, January 1, 1997 through December 31, 2001.

4. The Court approves the form and content of the: (a) Notice of Proposed Settlement in Class Action with Crompton and Hearing on Settlement Approval, Plan Of Allocation And Request For Attorneys' Fees And Reimbursement Of Costs ("Notice"), attached hereto as Exhibit A; (b) Summary Notice Of Proposed Settlement Of Class Action With Crompton And Hearing On Settlement Approval, Plan of Allocation And Request For Attorneys' Fees And Reimbursement Of Costs ("Summary Notice"), attached hereto as Exhibit B; and (c) the Proof of Claim form ("Proof of Claim"), attached hereto as Exhibit C.

5. The Court finds that the mailing and publication of the notices and Proof of Claim in the manner set forth herein constitute the best notice practicable under the circumstances and is due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

6. Within ten (10) days after the date of this Order, to the extent not previously provided to the Class Plaintiffs, Crompton shall provide to the Claims Administrator, in electronic format, the names and addresses of the members of the Class who purchased EPDM from them.

7. The Notice and Proof of Claim Form shall be mailed by first class mail, postage prepaid, on or about **February 23, 2007** to all members of the Crompton Settlement Class identified by Crompton pursuant to the Settlement Agreement, those persons in the DDE, Syndial and Bayer Settlement Classes whose names and addresses have been previously identified by DDE, Syndial and Bayer, and those persons whose names and addresses can be derived from the electronic transactional information produced by Defendants. The Notice and Proof of Claim shall be provided to all persons who request them in response to the published Summary Notice provided for in Paragraph 7 herein.

8. Class Plaintiffs' counsel are hereby directed to cause a Summary Notice, in the form attached hereto as Exhibit B, to be published, on or about **March 2, 2007**, on one occasion in the national edition of *The Wall Street Journal* and the *International Herald Tribune*.

9. All requests for exclusion from the Settlement Class must be postmarked so that they are **received** no later than **April 13, 2007**, and must otherwise comply with the requirements set forth in the Notice.

10. Any member of the Crompton Settlement Class who objects to the settlement with Crompton or the Plan of Allocation or the request for attorneys' fees and costs must do so in writing. The objection must include the caption of this case, be signed, and be **received** by the Court and Class Plaintiffs' counsel no later than **April 13, 2007**, and shall otherwise comply with the requirements set forth in the notices.

11. Any member of the DDE, Syndial, Bayer or Crompton Settlement Classes who objects to the motion of Class Plaintiffs' counsel for an award of attorneys' fees and costs must do so in writing. The objection must include the caption of this case, be signed, and be **received** by the Court and Class Plaintiffs' counsel no later than **April 13, 2007**, and shall otherwise

comply with the requirements set forth in the notices.

12. Class Plaintiffs' counsel shall file with the Court and serve on the parties their motion for final approval of the Settlement Agreement and Plan of Allocation and motion for attorneys' fees and costs on or before **April 27, 2007**.

13. Class Plaintiffs' counsel shall cause to be filed with the Clerk of this Court, and served upon counsel for defendants, affidavits or declarations of the person under whose general direction the mailing of the Notice and the publication of Summary Notice were made, showing that mailing and publication were made in accordance with this Order on or before **April 27, 2007**.

14. The Court will hold a hearing (the "Hearing") on Tuesday, **May 9, 2007, at 10:00 a.m.**, at the Brien McMahon United States Courthouse, 4th Floor, Courtroom No. 1, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604, to determine the fairness, reasonableness, and adequacy of the proposed settlement with Crompton, to determine whether the Plan of Allocation should be approved by the Court and a final judgment entered thereon, and whether to grant the motion of Class Plaintiffs' counsel for attorneys' fees and costs. Any member of the Crompton Settlement Class, as well as any member of the DDE, Syndial and Bayer Settlement Class, who follows the procedure set forth in the notices may appear and be heard at this hearing. The Hearing may be continued without further notice.

15. Any member of the Crompton Settlement Class who wishes to submit a claim for recovery from the settlement with Crompton, and has not otherwise elected to be excluded, must submit and complete a valid and timely Proof of Claim, in the form approved hereby as Exhibit C. The Proof of Claim must be completed and must be postmarked by no later than **May 31, 2007**. Any member of the Crompton Settlement Class who fails to comply with the

foregoing will be precluded from any recovery from the settlement with Crompton, but will nonetheless be bound by the settlement.

16. The Court approves the establishment of an escrow account, as set forth in the Settlement Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg. §1.468B-1. The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account. Class Plaintiffs' counsel and their designees are authorized to expend funds from the escrow account to pay Taxes, Tax Expenses and Notice and Administration Costs, as set forth in the Settlement Agreement.

17. The Court directs that, in accordance with the terms of the Settlement Agreement, the Escrow Agent may establish a "Notice and Administration Fund," and may deposit up to $250,000 from the Settlement Fund into the Notice and Administration Fund.

18. Gilardi & Co. LLC is approved to serve as Claims Administrator.

19. The litigation against Crompton in these Class Actions is stayed except as provided for in the Settlement Agreement.

This 15th day of February, 2007

                                                                  _/s/ Stefan R. Underhill_____
                                                                  STEFAN R. UNDERHILL
                                                                  UNITED STATES DISTRICT JUDGE