**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE ETHYLENE PROPYLENE DIENE MONOMER (EPDM) LITIGATION | ) ) ) |
| -------------------------------------------------- | ) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) ) |

No. 3:03 MD 1542 (SRU)

**ORDER GRANTING**
**PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**
**WITH DSM ELASTOMERS EUROPE B.V. AND DSM COPOLYMER, INC.**

It is hereby ORDERED AND DECREED as follows:

1.      The motion of Alco Industries, Inc., Diamond Holding Corporation, Duraplas Corporation, Functional Products, Inc., Industrial Rubber Products, Inc., Polymerics Inc., Precision Associates, Inc., Richard Immerman, Schlegel Corporation, and Synaflex Rubber Products Co., Inc. ("Class Plaintiffs") for preliminary approval of the proposed settlement with DSM Elastomers Europe B.V. and DSM Copolymer, Inc. (collectively, the "DSM Defendants") and Proposed Plan of Allocation of Settlement Proceeds is hereby GRANTED.

2.      By Order of the Court dated February 13, 2009, and amended March 4, 2009, a plaintiff class was certified pursuant to Rule 23 of the Federal Rules of Civil Procedure comprised of "all individuals or entities (excluding governmental entities, Defendants and their parents, predecessors, subsidiaries, affiliates, and co-conspirators) who purchased ethylene propylene diene monomer ('EPDM') in the United States directly from one or more of the Defendants or any predecessor, subsidiary or affiliate of any Defendant at any time during the period from January 1, 1997 to December 31, 2001 (the 'Class Period')."

3.      By Order of the Court dated May 20, 2009, on or about June 10, 2009, notice was disseminated to Class Members advising them of their right to exclude themselves from the class. By that same order, on or about June 24, 2009, a summary class notice was published in

the national edition of the *Wall Street Journal* and the *International Herald Tribune* advising Class Members of their right to exclude themselves from the class.

4.     Pursuant to the foregoing notice only the entities identified on **Exhibit B** of the Settlement Agreement elected to exclude themselves from the Class.

5.     The Court finds that the proposed settlement with the DSM Defendants, as set forth in the Settlement Agreement, and the proposed Plan of Allocation of settlement proceeds, subject to final determination following a hearing after notice to the Class, is sufficiently fair, reasonable, and adequate to authorize dissemination of notice to all persons and entities who purchased EPDM directly from any of the Defendants at any time during the Class Period, January 1, 1997 through December 31, 2001.

6.     The Court approves the form and contents of the: (a) Notice of Proposed Settlement in Class Action with the DSM Defendants and Hearing on Settlement Approval, Plan Of Allocation And Request for Attorneys' Fees And Reimbursement Of Costs ("Notice"), attached hereto as **Exhibit A**; (b) Summary Notice Of Proposed Settlement Of Class Action With the DSM Defendants And Hearing On Settlement Approval, Plan of Allocation And Request For Attorneys' Fees And Reimbursement Of Costs ("Summary Notice"), attached hereto as **Exhibit B**; and (c) the Proof of Claim form ("Proof of Claim"), attached hereto as **Exhibit C**.

7.     The Court finds that the mailing and publication of the notices and Proof of Claim in the manner set forth herein constitute the best notice practicable under the circumstances and is due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

8.     The Notice and Proof of Claim Form, in substantially the form attached hereto as **Exhibits A and C**, shall be mailed by first class mail, postage prepaid, on or about **July 7, 2010** to all members of the Class whose names and addresses can be derived from the electronic transactional information produced by Defendants.  The Notice and Proof of Claim shall be

provided to all persons who request them in response to the published Summary Notice provided for in Paragraph 9 herein.

9.      Class Plaintiffs' Co-Lead Counsel are hereby directed to cause a Summary Notice, in substantially the form attached hereto as **Exhibit B**, to be published, on or about **July 17, 2010**, on one occasion in the national edition of *The Wall Street Journal* and the *International Herald Tribune*.

10.     Class Plaintiffs' Co-Lead Counsel and Class Plaintiffs' Liaison Counsel shall file with the Court and serve on the parties their motion for attorneys' fees and costs on or before **August 6, 2010**.

11.     Any member of the Class who objects to the settlement with the DSM Defendants, the plan of allocation, the request for attorneys' fees and costs, or the request for incentive awards for the Class Plaintiffs must do so in writing.  The objection must include the caption of this case, be signed, and be **received** by the Court and Class Plaintiffs' Co-Lead Counsel no later than **September 7, 2010**, and shall otherwise comply with the requirements set forth in the notices.

12.     Class Plaintiffs' Co-Lead Counsel and Class Plaintiffs' Liaison Counsel shall cause to be filed with the Clerk of this Court, and served upon counsel for the DSM Defendants, affidavits or declarations of the person under whose general direction the mailing of the Notice and the publication of Summary Notice were made, showing that mailing and publication were made in accordance with this Order on or before **September 20, 2010**.

13.     Class Plaintiffs' Co-Lead Counsel and Class Plaintiffs' Liaison Counsel shall file with the Court and serve on the parties their motion for final approval of the Settlement and Plan Allocation on or before **September 20, 2010**.

14.     The Court will hold a hearing (the "Hearing") on **October 1, 2010, at 2 p.m.**, at the Brien McMahon United States Courthouse, 4th Floor, Courtroom No. 1, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604, to determine the fairness, reasonableness, and adequacy of the proposed settlement with the DSM Defendants, to determine whether the Plan of

Allocation should be approved by the Court and a final judgment entered thereon,  whether to grant the motion of Class Plaintiffs' Co-Lead Counsel and Class Plaintiffs' Liaison Counsel for attorneys' fees and costs on behalf of themselves and other plaintiffs' counsel, and whether to grant the motion of Class Plaintiffs' Co-Lead Counsel and Class Plaintiffs' Liaison Counsel for incentive awards for the Class Plaintiffs.  Any member of the Class who follows the procedure set forth in the notices may appear and be heard at this hearing.  The Hearing may be continued without further notice.

15.     Any member of the Class who wishes to submit a claim for recovery from the settlement with the DSM Defendants must submit and complete a valid and timely Proof of Claim, in the form approved hereby as **Exhibit C**.  The Proof of Claim must be completed and must be postmarked by no later than **September 20, 2010**.  Any member of the Class who fails to comply with the foregoing will be precluded from any recovery from the settlement with the DSM Defendants, but will nonetheless be bound by the settlement.

16.     The Court approves the establishment of an escrow account, as set forth in the Settlement Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg. §1.468B-1. The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account.  Class Plaintiffs' Co-Lead Counsel and their designees are authorized to expend funds from the escrow account to pay taxes, tax expenses and Notice Costs, as set forth in the Settlement Agreement.

17.     Gilardi & Co. LLC is approved to serve as Claims Administrator.

18.     The litigation against the DSM Defendants in these Actions is stayed except as provided for in the Settlement Agreement.

It is so ordered.

Dated at Bridgeport, Connecticut, this 22nd day of June 2010.

/s/ Stefan R. Underhill
STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE ETHYLENE PROPYLENE DIENE MONOMER (EPDM) LITIGATION<br>------------------------------------------------------<br>THIS DOCUMENT RELATES TO ALL ACTIONS | )<br>)<br>)<br>)<br>)<br>)<br>) |

No. 3:03 MD 1542 (SRU)

**NOTICE OF PROPOSED SETTLEMENT IN CLASS ACTION AND**
**HEARING ON SETTLEMENT APPROVAL, PLAN OF ALLOCATION AND**
**REQUEST FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS**

**TO:   ALL PERSONS OR ENTITIES (EXCLUDING GOVERNMENT ENTITIES) WHO PURCHASED ETHYLENE PROPYLENE DIENE MONOMER ("EPDM") DIRECTLY FROM ANY DEFENDANT LISTED BELOW DURING THE PERIOD JANUARY 1, 1997 TO DECEMBER 31, 2001:**

Bayer AG
Bayer Corporation
Bayer MaterialScience LLC
   (f/k/a Bayer Polymers LLC)
Crompton Corporation
   (n/k/a Chemtura Corporation)
Uniroyal Chemical Company, Inc.
   (n/k/a Chemtura USA Corporation)
The Dow Chemical Company
DuPont Dow Elastomers LLC

DSM Elastomers Europe B.V.
DSM Copolymer, Inc.
   (a/k/a DSM Elastomers Americas)
Exxon Mobil Chemical Corporation
Polimeri Europa S.p.A.
   (f/k/a Polimeri Europa Srl)
Polimeri Europa Americas, Inc.
   (f/k/a EniChem Americas, Inc.)
Syndial S.p.A.
   (f/k/a Enichem S.p.A)

Please read this Notice carefully and in its entirety.  Your rights may be affected by this settlement.  If you are a member of the Class (defined below in Paragraph 1), you may be entitled to a portion of the settlement fund resulting from a settlement with defendants DSM Elastomers Europe B.V. and DSM Copolymer, Inc. (collectively, the "DSM Defendants").  To participate, you must submit the enclosed Proof of Claim form postmarked **no later than _____, 2010**.

This Notice has been sent pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Connecticut (the "Court").  Its purpose is to inform you of the pending class action (the "Action") and the settlement with the DSM Defendants.  To resolve the claims against them, the DSM Defendants will pay twenty-five million dollars ($25,000,000.00) for the benefit of the Class.

## DEFINITIONS

1.      "*Class*" means the class of plaintiffs certified by the Court pursuant to Fed. R. Civ. P. 23 in its Order of February 13, 2009 (as amended March 4, 2009), specifically "all individuals or entities (excluding governmental entities, Defendants and their parents, predecessors, subsidiaries, affiliates, and co-conspirators) who purchased ethylene propylene diene monomer ('EPDM') in the United States directly from one or more of the Defendants or any predecessor, subsidiary or affiliate of any Defendant at any time during the period from January 1, 1997 to December 31, 2001 (the 'Class Period')."  Excluded from the Class are the Excluded Entities identified in Paragraph 10 herein.

2.      "*Claims Administrator*" means Gilardi & Co. LLC.

3.      "*Class Member*" or "*Class Members*" mean, individually or collectively, members of the Class who did not timely and validly request exclusion from the Class.  For the sake of clarity, "Class Member" and "Class Members" do not include The Goodyear Tire & Rubber Company, or any of its predecessors, successors, subsidiaries, or affiliates.

4.      "*Class Plaintiffs*" means Alco Industries, Inc.; Diamond Holding Corporation; Duraplas Corporation; Functional Products, Inc.; Industrial Rubber Products, Inc.; Polymerics, Inc.; Precision Associates, Inc.; Richard Immerman; Schlegel Corporation; and Synaflex Rubber Products Co., Inc.

5.      "*Class Plaintiffs' Co-Lead Counsel*" means the law firms of Levin Fishbein Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106; Hausfeld LLP, 1700 K Street, NW, Suite 650, Washington D.C.  20006; Bolognese & Associates, LLC, One Penn

Center, 1617 JFK Blvd., Suite 650, Philadelphia, PA  19103; and Gold Bennett Cera & Sidener LLP, 595 Market Street, Suite 2300, San Francisco, CA  94105.

6.      *"Class Plaintiffs' Liaison Counsel"* means the law firm of Brenner, Saltzman & Wallman LLP, 271 Whitney Avenue, New Haven, CT  06511.

7.       *"Defendant"* means any person or entity named as a defendant in the Action.

8.      *"EPDM"* means ethylene propylene diene monomer synthetic rubber.

9.      *"Effective Date"* means the date on which Final Approval has been obtained in the Action.

10.      *"Excluded Entities"* means Parker Hannifin Corporation and PolyOne Corporation and each of their respective predecessors, successors, subsidiaries, or affiliates.

11.      *"Final Approval"* means the first date upon which each of the following three conditions shall have been satisfied:

i.    The settlement has been approved in all respects by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure;

ii.   Entry has been made of the final judgment of dismissal; and

iii.  Either (a) the time to appeal, or to seek permission to appeal, the Court's approval of the settlement as described in (i) hereof and entry of final judgment as described in (ii) hereof has expired with no appeal having been taken or permission to appeal having been sought; or (b) such approval and final judgment have been affirmed in their entirety by the court of last resort to which any appeal has been taken or petition for review has been presented and such affirmance has become no longer subject to the possibility of further appeal or review.  In determining the times for appeal, further appeal, or review, the provisions of Fed. R. Civ. P. 60 and of the All Writs Act, 28 U.S.C. § 1651, shall not be taken into account.

12.     *"Released Claims"* means all manner of claims, demands, actions, suits, causes of action, whether class, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, asserted or unasserted, in law or equity, that any of the Releasing Parties, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have, relating in any way to any conduct prior to the Effective Date on account of, arising out of, resulting from, or related to in any respect the purchase, sale, pricing, discounting, manufacturing, offering, or distributing of EPDM or relating, in any way, to any conduct alleged in the Action including, without limitation, any such claims which have been asserted or could have been asserted against the DSM Defendants or any one of them including, but not limited to, claims arising under federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*  The Released Claims do not include claims based on:  (a) indirect purchases of EPDM; (b) purchases of EPDM outside the United States; and (c) involving any product defect or breach of contract.  The Releasing Parties covenant and agree that they, and each of them, will forever refrain from instituting, maintaining, prosecuting, or continuing to maintain or prosecute any suit or action, or collecting from, seeking to recover from, or proceeding against the Released Parties in connection with any of the Released Claims.

13.     *"Released Parties"* means DSM Elastomers Europe B.V. and DSM Copolymer, Inc.; the present and former direct and indirect parents, subsidiaries, divisions, affiliates, or associates (as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934) of any of the above; the present and former officers, directors, employees, agents, attorneys, servants, representatives, stockholders, and partners of any of the above entities (with respect to any conduct of any of the above entities); and the predecessors, heirs, executors, administrators, successors, and assigns of any of the above persons or entities.

14.    "*Releasing Parties*" means the Class Plaintiffs and the Class Members, as well as each of their past and present officers, directors, agents, employees, legal representatives, trustees, parents, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns.

## SUMMARY OF THE ACTION

15.    Beginning in March 2003, class action complaints alleging violations of the federal antitrust laws by the major manufacturers of EPDM were filed in multiple federal District Courts.  Motions were made to the Judicial Panel on Multidistrict Litigation ("JPML") to centralize the cases in a single court to promote the just and efficient conduct of the litigation. On August 12, 2003, the JPML entered a Transfer Order centralizing the cases in the United States District Court for the District of Connecticut for coordinated or consolidated pretrial proceedings.  The Court appointed the following counsel as Co-Lead Counsel for the Class Plaintiffs: the law firms of Levin Fishbein Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106; Hausfeld LLP, 1700 K Street, NW, Suite 650, Washington D.C.  20006; Bolognese & Associates, LLC, One Penn Center, 1500 JFK Blvd., Suite 320, Philadelphia, PA 19102; and Gold Bennett Cera & Sidener LLP, 595 Market Street, Suite 2300, San Francisco, CA  94105.  The Court also appointed the law firm of Brenner, Saltzman & Wallman LLP, 271 Whitney Avenue, New Haven, CT  06511, as Class Plaintiffs' Liaison Counsel.

16.    The operative complaint in this Action is the Second Consolidated Amended Complaint ("Complaint"), which was filed on July 1, 2004. The Complaint was filed by the following Class Plaintiffs, on their own behalf and on behalf of the Class:  Alco Industries, Inc.; Diamond Holding Corporation; Duraplas Corporation; Functional Products, Inc.; Industrial Rubber Products, Inc.; Polymerics, Inc.; Precision Associates, Inc.; Richard Immerman; Schlegel Corporation; and Synaflex Rubber Products Co., Inc.  The defendants named in the Complaint are the entities identified on page 1 of this Notice.

17.    The Complaint alleges that the Defendants conspired to fix or maintain the prices of, and/or allocate markets for, EPDM sold in the United States in violation of Section 1 of the

Sherman Antitrust Act, 15 U.S.C. §1.  The Complaint further alleges that, as part of the conspiracy, the Defendants agreed to limit the supply of EPDM and to allocate markets and customers for the sale of EPDM.  As a result of this conduct, the Complaint alleges that members of the Class paid artificially inflated prices for EPDM and, therefore, have suffered injury.  The DSM Defendants vehemently deny the allegations of the Complaint.

18.     This Action has been vigorously litigated since its inception.  The DSM Defendants deny any wrongdoing and that any member of the Class has suffered damages as a result of their conduct.  Plaintiffs' Counsel have analyzed millions of documents produced by the Defendants.  They have also conducted an independent investigation of the facts and analyzed the sales and pricing data produced by the Defendants.  The DSM Defendants are the last remaining defendants in the litigation,[1] and the settlement was reached after discovery was concluded and summary judgment motions denied.

19.     By Order of the Court dated February 13, 2009, and amended March 4, 2009, a plaintiff class was certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

20.     By Order of the Court dated May 20, 2009, on or about June 10, 2009, notice of the Court's class certification Order was disseminated to Class Members advising them of their right to exclude themselves from the class and the procedures and deadline for doing so.  By that same order, on or about June 24, 2009, a summary class notice was published in the national edition of the *Wall Street Journal* and the *International Herald Tribune* advising Class Members

---

[1]     As you were previously notified, claims against the following defendants were previously settled: (a) Defendant DuPont Dow Elastomers, LLC; (b) Defendants Polimeri Europa S.p.A. (f/k/a Enichem Americas, Inc.) and Syndial S.p.A. (f/k/a Enichem S.p.A.); (c) Defendants Bayer AG, Bayer Corporation and Bayer MaterialScience LLC (f/k/a Bayer Polymers LLC); and (d) Defendants Crompton Corporation (n/k/a Chemtura Corporation) and Uniroyal Chemical Company, Inc. (n/k/a Chemtura USA Corporation). The Court previously approved settlements with those defendants and the proceeds of those settlements were already distributed to class members who submitted valid and timely claim forms in accordance with the previous Orders of the Court.  In addition, the Court granted Class Plaintiffs' motion to voluntarily dismiss Defendant Exxon Mobil Corporation, without prejudice but with a covenant not-to-sue, on August 21, 2008 (that dismissal became effective on or about November 27, 2008 after notification of the Class).

of their right to exclude themselves from the class, and the procedures and deadlines for doing so.  If you did not exclude yourself from the Class in the manner directed by the Court, you are a member of the Class and are bound by the terms of the settlement with the DSM Defendants described in this Notice.

21.     Pursuant to the foregoing notice only the Excluded Entities elected to exclude themselves from the Class.

22.     While the Class Plaintiffs believe they have meritorious claims against the DSM Defendants, the DSM Defendants have asserted that they have meritorious defenses which would serve to undercut their liability and economic exposure to the Class.  The parties entered into the settlement to eliminate the burden, expense, and risk of further litigation.  Class Plaintiffs' Co-Lead Counsel and Class Plaintiffs' Liaison Counsel have determined that settling the claims against the DSM Defendants is in the best interest of the Class.  The settlement provides an immediate and substantial cash benefit to the Class Members and avoids the risk of a trial relating to the liability and the amount of provable damages.

23.     No determination has been made by the Court in this case as to liability of any of the Defendants or the amount of damages, if any, suffered by the Class.

## THE PROPOSED SETTLEMENT WITH THE DSM DEFENDANTS

24.     The DSM Defendants and Class Plaintiffs' Co-Lead Counsel negotiated vigorously and at arm's-length for a protracted period of time to reach a fair and reasonable resolution of the claims brought in this action.  The DSM Defendants' settlement totals twenty-five million dollars ($25,000,000.00), which includes the amount available for (a) payment to all members of the Class, (b) any fees and costs that may be awarded by the Court to Class Plaintiffs' Co-Lead Counsel, Class Plaintiffs' Liaison Counsel, and other plaintiffs' counsel, (c) payment of any incentive awards that may be awarded by the Court to the Class Plaintiffs, and (d) payment of notice and administration costs which are designed to cover the costs of administering this settlement.

25.     In exchange for the settlement payment, the DSM Defendants and the other Released Parties will be released of all Released Claims (as defined above) asserted against them in this Action on behalf of the Class prior to the Effective Date.

26.     The above is only a summary of the basic terms of the proposed settlement with the DSM Defendants. You are referred to the Settlement Agreement with the DSM Defendants which is on file with the Clerk of the Court at the address specified below, and available for review at http://www.gilardi.com/epdm/ for the precise terms and conditions of the settlement. You should rely on the precise terms and conditions of the Settlement Agreement, and not merely this summary of the basic terms, in evaluating these settlements and your rights and options with respect thereto.

## ATTORNEYS' FEES AND COSTS AND
## INCENTIVE AWARDS FOR THE CLASS PLAINTIFFS

27.     Class Plaintiffs' Co-Lead Counsel and Class Plaintiffs' Liaison Counsel will apply to the Court on behalf of themselves and other plaintiffs' counsel for an award of attorneys' fees and reimbursement of actual costs incurred in the prosecution of this litigation, including the fees of any experts or consultants.  Class Plaintiffs' Co-Lead Counsel and Class Plaintiffs' Liaison Counsel intend to apply to the Court for an award of attorneys' fees in an amount not to exceed __% of the DSM Defendants' settlement fund, plus interest, as well as reimbursement for their costs actually incurred in the prosecution of the litigation, including experts' fees, in an amount not to exceed $_____.

28.     Class Plaintiffs' Co-Lead Counsel and Class Plaintiffs' Liaison Counsel will also ask the Court to award the six (6) Class Plaintiffs $_____ each as incentive awards for their efforts in achieving the recoveries that have been achieved on behalf of the Class.

## PLAN OF ALLOCATION OF THE DSM SETTLEMENT FUND

29.     The amounts paid in settlement by the DSM Defendants, after deduction of any court-ordered attorneys' fees and Class Plaintiff incentive awards, reimbursement of litigation expenses as approved by the Court, and expenses of providing notice to the Class and of

administering and distributing the settlement fund (including tax-related expenses), will be distributed on a *pro rata* basis among the members of the Class who timely and properly submit a valid a Proof of Claim form.  Each claimant's *pro rata* share will be based on the dollar amount of its direct purchases of EPDM in the United States from all Defendants.  Purchases must have been made directly from a Defendant during the Class Period to qualify.  The Court retains the power to approve or reject, in full or partially, any individual claim of a Class Member based on equitable grounds.  Because the alleged overcharge is only a portion of the price paid for EPDM, your recovery will be less than the total amount you paid.

30.     If you wish to participate in the proceeds of the settlement with the DSM Defendants, you must complete and sign the enclosed Proof of Claim form.  If you submitted a proof of claim form in connection with earlier settlements in this litigation, you must still complete the enclosed Proof of Claim as directed, and properly submit it (as detailed in this Notice). As set forth in the Proof of Claim form, however, if you submitted a claim form in 2007 (in connection with an earlier settlement), you have the option to elect to have the total amount of your direct purchases of EPDM that you submitted in 2007 (and which were allowed and recognized by the Claims Administrator) be deemed to have been submitted in connection with the settlement with the DSM Defendants.  In other words, if you make this election (by checking the appropriate box on the Proof of Claim form), you do not need to resubmit the details of your qualifying EPDM purchases.  If you have any questions about your prior claim form submissions (including as to whether you submitted a claim form in 2007), please contact the Claims Administrator at the following toll-free phone number:  (866) 246-0933.  Your Proof of Claim must be postmarked **no later than _____, 2010** and mailed to:

*In re EPDM Antitrust Litigation*
c/o Gilardi & Co., LLC
P.O. Box 8060
San Rafael, CA 94912-8060

## YOUR OPTIONS

31.     If you are a member of the Class, as a Class Member, you will be bound by the judgment or other final disposition of this Action as to the DSM Defendants, and you will be prevented from bringing or asserting any Released Claims (as defined above) against the DSM Defendants and the other Released Parties.  Your interests will continue to be represented by the Class Plaintiffs, Class Plaintiffs' Co-Lead Counsel, and Class Plaintiffs' Liaison Counsel. However, at your own expense, you may have your own attorney appear on your behalf.  You may, but are not required to, appear at the hearing of _____, 2010, at which the Court will decide whether to grant final approval to the settlement and the plan of allocation, and the request of Class Plaintiffs' Co-Lead Counsel and Class Plaintiffs' Liaison Counsel for attorneys' fees and reimbursement of expenses as described below, and incentive awards for the named plaintiff class representatives.

32.     Please note that, in order to be eligible to receive a share of the proceeds of the settlement with the DSM Defendants, eligible class members must timely complete and submit a Proof of Claim form by _____, as specified in the accompanying Proof of Claim form.  If you fail to timely submit a valid Proof of Claim form, your claim may be rejected and you may be precluded from any recovery from the DSM Defendants, although you still would be bound by the judgment or other final disposition entered by the Court as to the DSM Defendants.

## THE SETTLEMENT HEARING

33.     The Court will hold a hearing on _____, 2010 at _____ a.m. at the Brien McMahon United States Courthouse, 4th Floor, Courtroom No. 1, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604 to decide Class Plaintiffs' motion for final approval of the settlement and the plan of allocation and request for attorneys' fees and reimbursements of costs and incentive awards for the named plaintiff class representatives (the "Motions").  The hearing date and/or time may change without further notice.

34.     No later than _____, 2010, Class Plaintiffs' Co-Lead Counsel and Class Plaintiffs' Liaison Counsel shall file their Motions with the Court.  You may view these papers

in the Court's public file room or request a copy by writing to Class Plaintiffs' Co-Lead Counsel or Class Plaintiffs' Liaison Counsel.

35.     Any member of the Class who objects to the settlement with the DSM Defendants, the plan of allocation, the request for attorneys' fees and costs, or the request for incentive awards for the named plaintiff class representatives must do so in writing.   The objection must include the caption in this case, be signed, and be **received** by the Court and Class Plaintiffs' Co-Lead Counsel at the following addresses no later than **_____, 2010**:

| | |
|---|---|
| Clerk of Court<br>UNITED STATES DISTRICT COURT<br>   FOR THE DISTRICT OF CONNECTICUT<br>915 Lafayette Boulevard<br>Bridgeport, CT  06604 | Michael D. Hausfeld, Esq.<br>Megan E. Jones, Esq.<br>HAUSFELD LLP<br>1700 K Street, NW, Suite 650<br>Washington, DC  20006 |
| Solomon B. Cera, Esq.<br>C. Andrew Dirksen, Esq.<br>GOLD BENNETT CERA & SIDENER LLP<br>595 Market Street, Suite 2300<br>San Francisco, CA 94105 | Anthony J. Bolognese, Esq.<br>BOLOGNESE & ASSOCIATES, LLC<br>Two Penn Center<br>1500 JFK Blvd., Suite 320<br>Philadelphia, PA  19102 |
| Howard J. Sedran, Esq.<br>LEVIN FISHBEIN SEDRAN & BERMAN<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106 | |

36.     If you do not object, you do not need to appear at the hearing.   **However, you must complete and return the Proof of Claim form by no later than _____ if you want to receive payment for your claims against the DSM Defendants.**

## CHANGE OF ADDRESS

37.     If this Notice reached you at an address other than the one on the mailing label, or if your address changes in the future, please send the current information to the Claims Administrator at:

*In re EPDM Antitrust Litigation*
c/o Gilardi & Co., LLC
P.O. Box 8060
San Rafael, CA 94912-8060

## ADDITIONAL INFORMATION

38.    The Settlement Agreement, Complaint, and other documents filed in the Action are available for review during business hours at the office of the Clerk of Court, United States District Court for the District of Connecticut, 915 Lafayette Boulevard, Bridgeport, CT 06604, and are available for your review online at the following website: http://www.gilardi.com/epdm/. If you have questions about this Notice, the Proof of Claim, or the Action in general, contact Class Plaintiffs' Co-Lead Counsel in writing at the following addresses:

| | |
|---|---|
| Michael D. Hausfeld, Esq.<br>Megan E. Jones, Esq.<br>HAUSFELD LLP<br>1700 K Street, NW, Suite 650<br>Washington, DC  20006 | Solomon B. Cera, Esq.<br>C. Andrew Dirksen, Esq.<br>GOLD BENNETT CERA & SIDENER LLP<br>595 Market Street, Suite 2300<br>San Francisco, CA 94105 |
| Anthony J. Bolognese, Esq.<br>BOLOGNESE & ASSOCIATES, LLC<br>Two Penn Center<br>1500 JFK Blvd., Suite 320<br>Philadelphia, PA  19102 | Howard J. Sedran, Esq.<br>LEVIN FISHBEIN SEDRAN & BERMAN<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106 |

or Class Plaintiffs' Liaison Counsel at the following address:

> David R. Schaefer
> BRENNER, SALTZMAN & WALLMAN LLP
> 271 Whitney Avenue
> New Haven, CT  06511

**Do not contact the Judge or the Clerk of the Court.**

Dated: _____, 2010                    BY ORDER OF:
                                                 Clerk of the United States District Court
                                                 for the District of Connecticut

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| IN RE ETHYLENE PROPYLENE DIENE MONOMER (EPDM) LITIGATION  )<br>------------------------------------------------  )<br>THIS DOCUMENT RELATES TO ALL ACTIONS  )<br> ) | No. 3:03 MD 1542 (SRU) |

**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF
CLASS ACTION WITH THE DSM DEFENDANTS AND HEARING ON
SETTLEMENT APPROVAL, PLAN OF ALLOCATION, AND
REQUEST FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS**

**TO:   ALL PERSONS OR ENTITIES (EXCLUDING GOVERNMENT ENTITIES) WHO PURCHASED ETHYLENE PROPYLENE DIENE MONOMER ("EPDM") DIRECTLY FROM ANY DEFENDANT LISTED BELOW DURING THE PERIOD JANUARY 1, 1997 TO DECEMBER 31, 2001:**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Connecticut, that a settlement of this litigation has been reached with defendants DSM Elastomers Europe B.V. and DSM Copolymer, Inc. (collectively, the "DSM Defendants"). To resolve the claims against them, the DSM Defendants will pay twenty-five million dollars ($25,000,000.00), as more fully described in the Notice (as defined below).[2]

The Defendants named in this Action are:

| | |
|---|---|
| Bayer AG | DSM Elastomers Europe B.V. |
| Bayer Corporation | DSM Copolymer, Inc. |
| Bayer MaterialScience LLC | (a/k/a DSM Elastomers Americas) |
| (f/k/a Bayer Polymers LLC) | Exxon Mobil Chemical Corporation |
| Crompton Corporation | Polimeri Europa S.p.A. |
| (n/k/a Chemtura Corporation) | (f/k/a Polimeri Europa Srl) |

---

[2]     The above is only a summary of the basic terms of the proposed settlement with the DSM Defendants. You are referred to the Settlement Agreement with the DSM Defendants, which is on file with the Clerk of the Court at the address specified below, and available for review at http://www.gilardi.com/epdm/, for the precise terms and conditions of the settlement with the DSM Defendants. You should rely on the precise terms and conditions of the Settlement Agreement, and not merely this summary of the basic terms, in evaluating these settlements and your rights and options with respect thereto.

| Uniroyal Chemical Company, Inc. | Polimeri Europa Americas, Inc. |
| (n/k/a Chemtura USA Corporation) | (f/k/a EniChem Americas, Inc.) |
| The Dow Chemical Company | Syndial S.p.A. |
| DuPont Dow Elastomers LLC | (f/k/a Enichem S.p.A.) |

The Court will hold a hearing on _____, 2010, at _____ a.m. at the Brien McMahon United States Courthouse, 4th Floor, Courtroom No. 1, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604 to determine (i) whether the proposed settlement and Plan of Allocation for the settlement proceeds are fair, reasonable, and adequate such that they should be granted final approval; and (ii) whether the Court should grant the motion of Class Plaintiffs' Co-Lead Counsel and Class Plaintiffs' Liaison Counsel for an award of attorneys' fees and reimbursement of costs and expenses and awards for the plaintiff class representatives for their services on behalf of the Class in connection with this litigation.  The rights and options available to members of the Class, as well as a summary of the settlement, are discussed in the Notice of Settlement in Class Action and Hearing on Settlement Approval and Plan of Allocation And Request For Attorneys' Fees And Reimbursement Of Costs ("Notice") which was mailed to Class Members on or about _____, **2010**.  If you did not receive the Notice or the accompanying Proof of Claim form, you may obtain them at www.Gilardi.com or by writing to *In re EPDM Antitrust Litigation*, c/o Gilardi & Co., LLC, P.O. Box 8060, San Rafael, CA 94912-8060.

You may direct questions about the lawsuit or the settlement **in writing** to Class Plaintiffs' Co-Lead Counsel at the following addresses:

| Solomon B. Cera, Esq. | Michael D. Hausfeld, Esq. |
| C. Andrew Dirksen, Esq. | Megan E. Jones, Esq. |
| GOLD BENNETT CERA & SIDENER LLP | HAUSFELD LLP |
| 595 Market Street, Suite 2300 | 1700 K Street, NW, Suite 650 |
| San Francisco, CA 94105 | Washington, DC  20006 |
| | |
| Anthony J. Bolognese, Esq. | Howard J. Sedran, Esq. |
| BOLOGNESE & ASSOCIATES, LLC | LEVIN FISHBEIN SEDRAN & BERMAN |
| Two Penn Center | 510 Walnut Street, Suite 500 |
| 1500 JFK Blvd., Suite 650 | Philadelphia, PA 19106 |
| Philadelphia, PA  19103 | |

or Class Plaintiffs' Liaison Counsel at the following address:

> David R. Schaefer
> BRENNER, SALTZMAN & WALLMAN LLP
> 271 Whitney Avenue
> New Haven, CT  06511

**Do not contact the Judge or the Clerk of the Court.**

Dated: _____, 2010          BY ORDER OF:
                                       Clerk of the United States District Court
                                       for the District of Connecticut

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| IN RE ETHYLENE PROPYLENE DIENE MONOMER (EPDM) LITIGATION | ) ) ) | |
| ------------------------------------------------- | ) | No. 3:03 MD 1542 (SRU) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) | |

**PROOF OF CLAIM**
**(DSM DEFENDANTS' SETTLEMENT)**

**TO:   ALL PERSONS OR ENTITIES (EXCLUDING GOVERNMENT ENTITIES) WHO PURCHASED ETHYLENE PROPYLENE DIENE MONOMER ("EPDM") IN THE UNITED STATES DIRECTLY FROM ANY DEFENDANT LISTED BELOW DURING THE PERIOD JANUARY 1, 1997 TO DECEMBER 31, 2001:**

Bayer AG
Bayer Corporation
Bayer MaterialScience LLC
  (f/k/a Bayer Polymers LLC)
Crompton Corporation
  (n/k/a Chemtura Corporation)
Uniroyal Chemical Company, Inc.
  (n/k/a Chemtura USA Corporation)
The Dow Chemical Company
DuPont Dow Elastomers LLC

DSM Elastomers Europe B.V.
DSM Copolymer, Inc.
  (a/k/a DSM Elastomers Americas)
Exxon Mobil Chemical Corporation
Polimeri Europa S.p.A.
  (f/k/a Polimeri Europa Srl)
Polimeri Europa Americas, Inc.
  (f/k/a EniChem Americas, Inc.)
Syndial S.p.A.
  (f/k/a Enichem S.p.A)

I.     **GENERAL INSTRUCTIONS**

This Proof of Claim form must be completed and returned by Class Members who seek payment from the settlement with defendants DSM Elastomers Europe B.V. and DSM Copolymer, Inc. (collectively, the "DSM Defendants"). **It must be postmarked no later than _____, 2010**.

If you submitted a proof of claim form in connection with earlier class settlements in this litigation, you must still complete this Proof of Claim as directed, and properly submit it (as detailed herein and in the Notice). As set forth below, however, if you submitted a claim form in 2007 (in connection with an earlier settlement), you have the option to elect to have the total amount of your direct purchases of EPDM that you submitted in 2007 (and which were allowed and recognized by the Claims Administrator) be deemed to have been submitted in connection with the settlement with the DSM Defendants. In other words, if you make this election (by

checking the appropriate box below), you do not need to resubmit the details of your qualifying EPDM purchases but you must complete the rest of the form and mail it as specified herein. If you have any questions about your prior claim form submissions (including as to whether you submitted a claim form in 2007), please contact the Claims Administrator at the following toll-free phone number: (866) 246-0933. All other inquiries regarding your claims should be made **in writing** to the Claims Administrator at the address below.

If you fail to mail a timely, properly addressed Proof of Claim form, your claim may be rejected and you may be precluded from any recovery from the settlement with the DSM Defendants. Completed Proof of Claim forms should be mailed to the Claims Administrator at:

*In re EPDM Antitrust Litigation*
c/o Gilardi & Co., LLC
P.O. Box 8060
San Rafael, CA 94912-8060

Members of the Class who do not timely and validly seek exclusion from the Settlement Class will be bound by the judgment entered approving this settlement as to the DSM Defendants and the Released Parties regardless of whether they submit a Proof of Claim form.

## II.  **DEFINITIONS**

A.    "*Claims Administrator*" means Gilardi & Co. LLC.

B.    "*Class*" means the class of plaintiffs certified by the Court pursuant to Fed. R. Civ. P. 23 in its Order of February 13, 2009 (as amended March 4, 2009), specifically "all individuals or entities (excluding governmental entities, Defendants and their parents, predecessors, subsidiaries, affiliates, and co-conspirators) who purchased ethylene propylene diene monomer ('EPDM') in the United States directly from one or more of the Defendants or any predecessor, subsidiary or affiliate of any Defendant at any time during the period from January 1, 1997 to December 31, 2001 (the 'Class Period')." Excluded from the Class are the Excluded Entities identified in Paragraph 10 of the Notice.

C.    "*Defendant*" means any person or entity named as a defendant in the Action.

D.    "*EPDM*" means ethylene propylene diene monomer synthetic rubber.

E.    "*Released Parties*" means DSM Elastomers Europe B.V. and DSM Copolymer, Inc.; the present and former direct and indirect parents, subsidiaries, divisions, affiliates, or associates (as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934) of any of the above; the present and former officers, directors, employees, agents, attorneys, servants, representatives, stockholders, and partners of any of the above entities (with respect to any conduct of any of the above entities); and the predecessors, heirs, executors, administrators, successors, and assigns of any of the above persons or entities.

2

III.   **PROOF OF CLAIM FORM**

      Please type or neatly print all information.  Report all purchases of EPDM made directly from any Defendant during the Class Period.  Failure to include all purchases will reduce the amount of your claim.   You must keep copies of purchase orders, invoices, or other documentation of your purchases in case verification of your claim is necessary.

      As set forth below, however, if you submitted a proof of claim form in 2007 in connection with an earlier settlement in this litigation, you have the option to elect to have the total amount of your direct purchases of EPDM that you submitted in connection with that 2007 settlement (and which were allowed and recognized by the Claims Administrator) be deemed to have been submitted in connection with the settlement with the DSM Defendants.  In other words, if you make this election (by checking the appropriate box below), you do not need to resubmit the details of your qualifying EPDM purchases (you must, however, complete the rest of the form and mail it as specified herein).  If you have any questions about your prior submissions (including as to whether you submitted a claim form in 2007), please contact the Claims Administrator at the following toll-free phone number:  (866) 246-0933.

## PART 1 - CLAIMANT IDENTIFICATION

Claimant's name, as shown on the invoices: _____

(If purchases were made in a name other than the Claimant's name, attach documentation indicating that you have the right to submit a claim for those purchases.)

Claimant's mailing address:_____

City:_____        State/Country:_____        Zip Code:_____

Phone Numbers: (    ) _____(    ) _____

                    Day                   Evening

Person to contact if there are questions regarding this claim:  _____

## PART 2 - SCHEDULE OF QUALIFYING PURCHASES

      Please select from one of the following three options.

      **A.     If you want the Claims Administrator to use your 2007 claim form submission, made in connection with an earlier class settlement in the litigation, to process your claim, please so indicate by checking the box below and then skip to Part 3 and complete the remaining portion of the Claim Form.**

        ☐     Use the amount of direct purchases of EPDM that were submitted by Claimant (and which were allowed and recognized by the Claims Administrator) in 2007 in connection with an earlier class settlement in this litigation.

      **B.     If you want the Claims Administrator to use Defendants' sales data produced during the litigation to process your claim, please so indicate by checking the box below and then skip to Part 3 and complete the remaining portion of the Claim Form.**

☐    Use the sales information for my company produced by Defendants to calculate my claim.

**C.    If you did not check either of the two boxes above, in the table below, list the dollar amount (in U.S. dollars) of your purchases of EPDM made directly from each Defendant during the Class Period. Amounts should be rounded to the nearest dollar. Do not include transportation charges. If you did not purchase EPDM from a Defendant during a particular year, write "no purchases."**

| | Bayer[3] | Crompton[4] | DuPont Dow Elastomers (DDE) | DSM[5] | Exxon Mobil Chemical Corp. | Polimeri[6] |
|---|---|---|---|---|---|---|
| **1997** | | | | | | |
| **1998** | | | | | | |
| **1999** | | | | | | |
| **2000** | | | | | | |
| **2001** | | | | | | |
| **TOTALS** | | | | | | |

If you need more space, attach additional pages with the necessary information. Sign and print/type your name on each additional page. Number of additional pages attached: _____.

---

[3]    "Bayer" means Bayer AG, Bayer Corporation, and Bayer Polymers LLC (n/k/a Bayer MaterialScience LLC).

[4]    "Crompton" means Crompton Corporation (n/k/a Chemtura Corporation) and Uniroyal Chemical Company, Inc. (n/k/a Chemtura USA Corporation).

[5]    "DSM" means DSM Elastomers Europe B.V. and DSM Copolymer, Inc. (a/k/a DSM Elastomers Americas).

[6]    "Polimeri" or "Syndial" means Polimeri Europa S.p.A. (f/k/a Polimeri Europa Srl) and Polimeri Europa Americas, Inc. (f/k/a EniChem Americas, Inc.), and Syndial S.p.A. (f/k/a Enichem S.p.A).

4

## PART 3 - SUBMISSION TO JURISDICTION OF THE DISTRICT COURT

This Proof of Claim is submitted on behalf of Claimant under the terms of the Settlement Agreement in the Action, dated as of _____, 2010, and as described in the Notice.  I hereby affirm, on behalf of Claimant, that Claimant is a member of the Class or the transferee or assignee of, or the successor to, the claims of a Class Member.  Claimant hereby submits to the jurisdiction of the United States District Court for the District of Connecticut with respect to its claim to participate in the Class and for purposes of enforcing the release set forth herein. Claimant further acknowledges that it is bound by and subject to the terms of any orders or judgments that may be entered by the Court in the Action with respect to the settlement of the claims of the Class against the DSM Defendants, as described in the accompanying Notice. Claimant agrees to furnish additional information to the settlement Claims Administrator to support this claim if required to do so.

## PART 4 – RELEASE

If the Settlement Agreement is approved by the Court in accordance with its terms, Claimant will release the Released Claims (as defined below) that it may have against the respective Released Parties (as defined below).  If Claimant does not submit a proof of claim to participate in the Settlement Fund, Claimant will nonetheless be releasing the Released Claims.

Claimant (on its own behalf and on behalf of its present and former officers, directors, agents, employees, legal representatives, trustees, parents, affiliates, subsidiaries, heirs, executors, administrators, purchasers, predecessors, successors, and assigns) hereby completely releases and forever discharges DSM Elastomers Europe B.V. and DSM Copolymer, Inc.; the present and former direct and indirect parents, subsidiaries, divisions, affiliates, or associates (as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934) of any of the above; the present and former officers, directors, employees, agents, attorneys, servants, representatives, stockholders, and partners of any of the above entities (with respect to any conduct of any of the above entities); and the predecessors, heirs, executors, administrators, successors, and assigns of any of the above persons or entities (collectively, the "Released Parties") from all manner of claims, demands, actions, suits, causes of action, whether class, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, asserted or unasserted, in law or equity, that Claimant (on its own behalf and on behalf of its present and former officers, directors, agents, employees, legal representatives, trustees, parents, affiliates, subsidiaries, heirs, executors, administrators, purchasers, predecessors, successors, and assigns), whether directly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have, relating in any way to any conduct prior to the Effective Date of the Settlement Agreement on account of, arising out of, resulting from, or related to in any respect the purchase, sale, pricing, discounting, manufacturing, offering, or distributing of EPDM or relating, in any way, to any conduct alleged in the Action including, without limitation, any such claims which have been asserted or could have been asserted against the DSM Defendants or any one of them including, but not limited to, claims arising under federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including, without

limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.* (the "Released Claims"). The Released Claims do not include claims based on:  (a) indirect purchases of EPDM; (b) purchases of EPDM outside the United States; and (c) involving any product defect or breach of contract. Claimant covenants and agrees that it (on its own behalf and on behalf of its present and former officers, directors, agents, employees, legal representatives, trustees, parents, affiliates, subsidiaries, heirs, executors, administrators, purchasers, predecessors, successors, and assigns) will forever refrain from instituting, maintaining, prosecuting, or continuing to maintain or prosecute any suit or action, or collecting from, seeking to recover from, or proceeding against the Released Parties in connection with any of the Released Claims.

In addition, Claimant hereby expressly waives and releases with respect to the Released Claims any and all provisions, rights, and benefits conferred either (a) by § 1542 of the California Civil Code, which reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor

(b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code, or (c) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above.  Claimant may hereafter discover facts other than or different from those that it knows or believes to be true with respect to the subject matter of the Released Claims, but each Claimant (on its own behalf and on behalf of its present and former officers, directors, agents, employees, legal representatives, trustees, parents, affiliates, subsidiaries, heirs, executors, administrators, purchasers, predecessors, successors, and assigns) hereby expressly agrees that it has waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the Released Claims that Claimant (on its own behalf and on behalf of its present and former officers, directors, agents, employees, legal representatives, trustees, parents, affiliates, subsidiaries, heirs, executors, administrators, purchasers, predecessors, successors, and assigns) has hereby released, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  The release of unknown, unanticipated and unsuspected losses or claims is contractual, and not a mere recital.

## **PART 5 - VERIFICATION**

By signing below, you are verifying that:

1.     You have documentation to support your claim and agree to provide additional information to Class Plaintiffs' Co-Lead Counsel or the Claims Administrator to support your claim if necessary;

2.     You have not assigned or transferred (or purported to assign or transfer) your claim or submitted any other claim for the same purchases of EPDM (other than in connection with prior settlements in this Action) and have not authorized any other person or entity to do so, and know of no other person or entity having done so on your behalf; and

3.     The information provided in this Proof of Claim form is accurate and complete.

I declare under penalty of perjury under the laws of the United States of America that the information provided in this Proof of Claim form is true and correct.  This Verification was executed   on   the   ____   day   of   _____,   2010   in   _____.
    (day)                     (month)                     (city / state / country)


_____
Signature


_____
Type/print name


_____
Company's name

7

## SUBSTITUTE I.R.S. FORM W-9
## REQUEST FOR TAXPAYER IDENTIFICATION AND CERTIFICATION

Name: _____

A sole proprietor must write his/her individual name, but can also write the business or "doing business as" name.

Check the appropriate box?

☐    Individual/Sole Proprietor    ☐    Corporation

☐    Partnership    ☐    Other: _____

Enter your Taxpayer Identification Number ("TIN") below.  For individuals, this is your Social Security number ("SSN").  If you are a sole proprietor, you may enter either your SSN or your Employer Identification Number ("EIN").  For other types of entities, enter your EIN.

__ __ __ - __ __ - __ __ __ __    or    __ __ - __ __ __ __ __ __ __

Social Security Number                  Employer Identification Number

If you are exempt from backup withholding, enter your TIN above and write "exempt" on the following line: _____.

### Certification

Under penalty of perjury, I certify that:

1.    The number shown on this form is my correct SSN or EIN;

2.    I am not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (a) I am exempt from backup withholding; or (b) I have not been notified by the Internal Revenue Service that I am subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me that I am no longer subject to backup withholding; and

3.    I am a U.S. person/entity.

If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out item 2 above.  The Internal Revenue Service does not require your consent to any provision of this Proof of Claim form other than the Certification above which is required to avoid backup withholding.

Date: _____, 2010    _____

                                                Signature

8

**ACCURATE PROCESSING OF CLAIMS MAY TAKE SIGNIFICANT TIME.**
**THANK YOU, IN ADVANCE, FOR YOUR PATIENCE.**

Please make sure that you:

    1.      Sign the Verification

    2.      Keep a copy of the completed Proof of Claim form for your records.

    3.      Keep the original documents supporting your claim.

    4.      Submit your claim postmarked **on or before \_\_\_\_\_, 2010**.

If you have any questions, or if your address changes, please write to the Claims Administrator at:

*In re EPDM Antitrust Litigation*
c/o Gilardi & Co., LLC
P.O. Box 8060
San Rafael, CA 94912-8060
